■ SAVERIO BOSCO, Respondent, v. JOHN A. JOHNSON & SONS, INC., Respondent, and FORDHAM HOISTING EQUIPMENT CO., INC., Appellant. — In an action to recover damages for personal injuries, Fordham Hoisting Equipment Co., Inc., appeals from an order denying its motion to dismiss the complaint and the cross complaints of its codefendant, or, in the alternative, to direct that the appellant be dropped as an improper party to the action. Order affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ MARY CONNORS et al., Appellants, v. MACCABAE BOORSTEIN et al., Respondents. — In an action based upon violation of section 240 of the Labor Law, to recover damages for personal injuries and for medical expenses and loss of services, the appeals are from (1) an order dismissing a first amended complaint for insufficiency and denying a motion to strike the affirmative defense of contributory negligence, (2) an order dismissing a second amended complaint for insufficiency, and (3) an order denying a motion to strike the affirmative defense of contributory negligence from the answer to the second amended complaint. Order dismissing the second amended complaint and order denying the motion to strike the affirmative defense from the answer thereto reversed, with $10 costs and disbursements; motion to dismiss said complaint denied, and motion to strike out the affirmative defense granted. Appeal from order dismissing the first amended complaint and denying the motion to strike a defense from the answer thereto dismissed, without costs. The first amended complaint and the answer thereto have been superseded by the second amended complaint and the answer thereto. In our opinion, section 240 of the Labor Law applies to this case. Consequently, the second amended complaint is sufficient on its face and contributory negligence is no defense thereto. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Murphy and Ughetta, JJ., dissent and vote to affirm with the following memorandum: The second amended complaint was dismissed by the Special Term on the ground that it did not state facts sufficient to constitute a cause of action. The theory of the action is that the rights and liabilities of the parties are controlled by section 240 of the Labor Law. This is a part of article 10 of said law, making provisions with respect to "Building construction, demolition and repair work." The section provides that a "person employing or directing another to perform labor of any kind in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed or directed." Section 202 of the Labor Law makes specific provision for the "Protection of persons engaged at window cleaning." It is of no help to appellants, as it applies only to public buildings. In view of the specific provisions in section 202 relating to window-cleaning, it seems farfetched to apply the provisions of section 240, concerned with construction, demolition and repair work, to a household servant cleaning the windows of a private dwelling.